**Rose Marie JULIG, Relator,**

v.

**MAXWELL COMMUNICATIONS CORPORATION, a/k/a Quebecor and American Mutual Insurance Co./MIGA, Maxwell Communications Corporation, a/k/a Quebecor and Employers Insurance of Wausau, and Maxwell Communications Corporation, a/k/a Quebecor and Kemper Insurance Group, Respondents,**

and

**MedCenters Health Plan, Intervenor.**

No. C7–93–240.

Supreme Court of Minnesota.

June 1, 1993.

Horvei, Gubbe & Krueger, P.A., Jane McMahon and William J. Krueger, Roseville, for Rose Marie Julig, relator.

Cousineau, McGuire & Anderson, Cheryl J. Bowsfield, Minneapolis, for Maxwell Communications Corp., a/k/a Quebecor and American Mutual Insurance Co./MIGA, respondent.

Larsen, Heck, Klimek & Powell, Gary M. Swanson, Minneapolis, for Maxwell Communications Corp., a/k/a Quebecor and Employers Insurance of Wausau, respondent.

Gilmore, Aafedt, Forde & Anderson, Michael Forde, Minneapolis, for Maxwell Communications Corp., a/k/a Quebecor and Kemper Ins. Group, respondent.

Mary Beth Meyer, Minneapolis, for MedCenters Health Plan, intervenor.

### ORDER

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the decision of the Workers' Compensation Court of Appeals modifying the disability rating for a cervical spine disability from 14% to 7% is reversed and the issue remanded to the compensation judge for further proceedings in accordance with the memorandum attached hereto.

### MEMORANDUM

Rose Marie Julig sustained a compensable cervical spine injury as a result of her 20–plus years of employment with Maxwell Communications Corporation/Quebecor. In reliance on an MRI scan which showed employee had a disc herniation at the C5–6 level, the compensation judge rated the impairment as a 14% disability of the whole body. Minn.R. 5223.0070, subp. 2.B.(1)(b) (1990). On appeal, the WCCA observed the 14% herniated disc category contemplates that the claimant has, in addition to the herniated disc, radicular pain with objective neurologic findings. As the medical records were unclear as to the presence of "neurologic findings," the WCCA believed the 14% rating was unsupported by the evidence and substituted a 7% rating for degenerative changes. Minn.R. 5223.0070, subp. 2.A.(3)(a).

There was little evidence bearing on this issue, most likely due to the attention required by various other issues before the compensation judge. While generally a determination as to the extent of permanency is upheld on appeal, particularly when supported by medical evidence and objective observations, *e.g., Jacobowitch v. Bell & Howell,* 404 N.W.2d 270 (Minn.1987), it seems to us that in this case, the WCCA had reason to question the rating. At the same time, the WCCA's rating also is suspect because the disability in question appears rateable pursuant to any one of several clauses of the applicable schedule, Minn.R. 5223.0070, subp. 2.:

(3) Pain associated with rigidity (loss of motion or postural abnormality) or chronic muscle spasm. The chronic muscle spasm or rigidity is substantiated by objective clinical findings and is associated with demonstrable degenerative changes.

(a) Single vertebral level, 7 percent; or

(b) Multiple vertebral levels, 10.5 percent.

Minn.R. 5223.0070, subp. 2.A.(3) (1990);

B. Herniated intervertebral disc, single vertebral level:

(1) Condition not surgically treated:

(a) X-ray or computerized axial tomography or myelogram specifically positive for herniated disc; excellent results, with resolution of objective neurologic findings, 9 percent.

(b) Neck and specific radicular pain present with objective neurologic findings; and X-ray or computerized axial tomography or myelogram specifically positive for herniated disc; and no surgery is performed for treatment, 14 percent.

Minn.R. 5223.0070, subp. 2.B.(1) (1990).

Rather than attempt to resolve on review on certiorari that which is essentially a factual matter, we believe it would be in the best interests of all parties that further proceedings be had before the compensation judge, and, if necessary, that further evidence be received and considered, as to the extent of employee's cervical spine disability. On remand, therefore, the compensation judge should make the necessary finding of fact, preferably with reference to the evidence upon which the determination is made. If the compensation judge, after doing so, adheres to his earlier rating, then relator may, if it chooses, reinstate its appeal to the WCCA.